

December 9, 2022

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
Via CM/ECF

Re: 22-35612
    *Smith et al. v. Helzer et al.*
    Federal Rule Appellate Procedure 28(j) Letter

Dear Ms. Dwyer:

The U.S. Court of Appeals for the Eighth Circuit's recent decision in *Dakotans for Health v. Noem,* No. 21-2428 (Nov. 1, 2022), is relevant to Appellants' claims.

First, the Eighth Circuit clarifies that just because a campaign finance rule is labeled "disclosure" does not mean it is automatically subject to exacting rather than strict scrutiny. Slip Op. 9-10 and n.3. This directly supports Appellants' claim that though the on-ad disclaimer of the top three donors may be labeled "disclosure," it is nevertheless subject to strict scrutiny because of the "effect of the provision," which is to compel speech. *See id*. at n.3. But even when using the lower standard, "Exacting scrutiny is just what its name says—exacting. It is just short of strict scrutiny." *Id*. at 10.

Second, the Eighth Circuit confronted a law where the government's interests (transparency and anti-corruption) were "general in nature," yet the law applied to paid circulators but not volunteers. In this case, the government's interests are equally general, but the law applies only to independent expenditures, not campaign committees. The Eighth Circuit concluded that regulating only half a problem without justification fails exacting scrutiny. *Id*. at 11. And while the government's interests are "strong," "they do not stand in isolation to justify any regulatory scheme it puts forward." *Id*. at 14. In other words, saying a campaign finance regulation advances transparency and fights

corruption is not a blank check to automatically affirm it against any challenge.

Finally, the Eighth Circuit said it was a "recipe for harassment" to create "a public directory of petition circulators." *Id*. at 13. The Court noted that public disclosure "is chilling in today's world. The risks of public disclosure 'are heightened in the 21st century and seem to grow with each passing year'" when speaking on controversial public issues. *Id*. at 15. The same concerns about cancel culture weigh in Appellants' favor in this case.

Respectfully Submitted,

/s/ Daniel R. Suhr
Daniel R. Suhr
*Counsel of Record*
Liberty Justice Center
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-263-7668
dsuhr@libertyjusticecenter.org

cc: all counsel of record



440 N. Wells Street, Suite 200, Chicago, IL 60654    |    libertyjusticecenter.org    |    O: (312) 637-2280    F: (312) 263-7702